Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

FIRE & CASUALTY INSURANCE                  ) 
COMPANY OF CONNECTICUT,                     )                  No. 08-01-00277-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  191st District Court
)
BUSLEASE, INC.,                                              )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# DV99-05308-J)

OPINION ON MOTION TO DISMISS AND TO RELEASE SURETY

            Pending before the Court is Fire & Casualty Insurance Company of Connecticut’s motion
to dismiss the appeal and release the surety based upon its full satisfaction of the judgment. The
motion is granted.
            BusLease sued Fire & Casualty for breach of an insurance lease and a jury rendered a verdict
in favor of BusLease. On March 14, 2001, the trial court entered a judgment based upon the jury’s
verdict. Fire & Casualty appealed the judgment and posted a supersedeas bond in the amount of
$163,971.10. On June 13, 2002, this Court issued an opinion and judgment affirming the trial
court’s judgment. See Fire & Casualty Insurance Company of Connecticut v. BusLease, Inc.,
No. 08-01-00277-CV, 2002 WL 1301570 (Tex.App.--El Paso June 13, 2002, pet. denied)(not
designated for publication). We subsequently denied Fire & Casualty’s motion for rehearing and the
Supreme Court denied the petition for review on November 21, 2002. Prior to the issuance of our
mandate, Fire & Casualty tendered the entire amount awarded by the judgment and the parties filed
a document acknowledging that Fire & Casualty had fully satisfied the judgment. Counsel for Fire
& Casualty requested that issuance of the mandate be delayed until he could prepare a motion to
dismiss the appeal and release the surety. As a courtesy, the Court complied with Fire & Casualty’s
request but counsel did not file the motion for over a year despite repeated requests. Faced with
issuance of the mandate, counsel finally filed a motion to dismiss and release surety on May 20,
2004.
            Rule 42.1 of the Texas Rules of Appellate Procedure governs voluntary dismissal of civil
appeals. Tex.R.App.P. 42.1. It provides that:
(a) On Motion or By Agreement. The appellate court may dispose of an appeal as follows:
 
(1) On Motion of Appellant. In accordance with a motion of appellant, the court
may dismiss the appeal or affirm the appealed judgment or order unless disposition
would prevent a party from seeking relief to which it would otherwise be entitled.
 
(2) By Agreement. In accordance with an agreement signed by the parties or their
attorneys and filed with the clerk, the court may:
 
(A) render judgment effectuating the parties’ agreements;
 
(B) set aside the trial court’s judgment without regard to the merits
and remand the case to the trial court for rendition of judgment in
accordance wit [sic] the agreements; or
 
(C) abate the appeal and permit proceedings in the trial court to
effectuate the agreement.

            By its motion, Fire & Casualty voluntarily requests dismissal of the appeal and release of the
surety because it has fully satisfied the judgment. The motion is granted. Our judgment dated June
13, 2002 is ordered withdrawn and the appeal is dismissed with prejudice. We decline, however,
to withdraw our prior opinion. See Tex.R.App.P. 42.1(c)(“In dismissing a proceeding, the appellate
court will determine whether to withdraw any opinion it has already issued. An agreement or motion
for dismissal cannot be conditioned on withdrawal of the opinion.”). Given Fire & Casualty’s
satisfaction of the judgment, the surety is released from its obligations under the supersedeas bond. 
The parties have not reached an agreement regarding the payment of costs on appeal. Accordingly,
we tax the costs of appeal against Fire & Casualty. See Tex.R.App.P. 42.1(d)(absent agreement of
the parties, the court will tax costs against the appellant).


June 10, 2004                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.